Burnell Keath **UPTAGRAFFT**,
and
**State Farm Mutual Auto Insurance Company, Appellants,**

v.

**UNITED STATES of America,**
Appellee.

No. 8810.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 14, 1963.

Decided March 7, 1963.

Harry E. McCoy, Norfolk, Va. (E. Page Preston, John M. Cloud, Preston & Preston, and Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellants.

Mark R. Joelson, Attorney, Department of Justice (Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Claude V. Spratley, Jr., U. S. Atty., and Morton Hollander, Attorney, Department of Justice, on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and CRAVEN, District Judge.

PER CURIAM.

James W. Edwards sustained personal injuries in an automobile wreck and thereby acquired a tort claim against Burnell K. Uptagrafft and his employer, United States of America. Edwards could have sued the United States under the Tort Claims Act, 28 U.S.C.A. § 1346 et seq. Government Employees Ins. Co. v. Ziarno, 273 F.2d 645, 647 (2d Cir., 1959). Instead, for reasons sufficient to him and unknown to the court, he elected to sue Uptagrafft. Although requested to do so, and despite the fact that Uptagrafft was driving a government-owned vehicle, the United States refused to assume defense of the case on behalf of Uptagrafft. Thereupon, pursuant to the "driver other car" provision of its policy, State Farm Mutual Auto Insurance Company (hereinafter referred to as State Farm) as-sumed the defense of the lawsuit and before trial negotiated a reasonable settle

ment, paying $17,115.96 to accomplish the same.

Whether the United States might have escaped liability under the exception of 28 U.S.C.A. § 2680(h) was not determined in the court below, and for purposes of this appeal it is assumed that Uptagrafft was acting within the scope of his employment as an Alcohol and Tobacco Tax Unit Agent of the United States, under circumstances where the United States, if a private person, would have been liable to claimant on the theory of *respondeat superior*.

After the case was removed from the state court to the United States district court, Uptagrafft obtained an order impleading the United States as a third-party defendant. Subsequently, State Farm was permitted to intervene, after it had paid the negotiated settlement disposing of Edwards' claim, so that Uptagrafft and State Farm jointly seek now to recoup from the United States the sum of $17,115.96 paid by State Farm to dispose of the Edwards claim.

The Government moved to dismiss the complaint on the grounds that (1) there was no right of indemnity or exoneration in this case against the United States, (2) there was no contractual arrangement, either express or implied, under which the third-party plaintiffs might claim indemnity from or exoneration by the United States, (3) Rule 14(a) did not permit joinder of the Government as a third-party defendant for the reason that whatever the Government's liability to Edwards might have been in an independent suit, it had no liability to the third-party plaintiffs.

■ Treating the Government's motion as one for summary judgment, the district judge dismissed the third-party complaint, ruling that there was no theory upon which indemnity or exoneration could be allowed. It is from this ruling that the instant appeal is taken.[1]

Uptagrafft and State Farm urge that:

I. The Federal Tort Claims Act carries the Government's consent to be sued as a third-party defendant for *exoneration and/or indemnity*.

II. The Government is obligated, as an incident of its employment, to save its employees harmless from civil liabilities incurred while acting within the scope of employment.

■ By the Federal Tort Claims Act the United States has consented to suit in tort only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b) et seq.

■ In answer to appellants' contention for indemnity and/or exoneration, we adopt the view expressed by Judge Hoffman in his memorandum opinion:

"There is considerable doubt as to whether Uptagrafft and his insurance carrier may resort to Rule 14 (a), Federal Rules of Civil Procedure, and thereby bring in the United States as a third-party defendant. The right to bring in such third party exists only when the third party 'is or may be liable to him for all or part of plaintiff's claim against him.' It is not enough that the third-party defendant may be liable to the plaintiff. Rule 14 does not establish a right of reimbursement, indemnity or contribution. Moore's Federal Practice, Vol. 3, §

---

1. Since the automobile wreck occurred on September 11, 1959, we note, as did the district judge, that the amendments of September 21, 1961 to Title 28 U.S.C.A. § 2679 have no application to this case. By their own terms, the amendments become effective six months after the date of enactment but "any rights or liabilities than existing shall not be affected." These amendments, in effect, substitute the liability of the United States exclusively for that of its employees operating motor vehicles within the scope of their employment. On the state of facts which are assumed for purposes of this appeal, if these amendments had been enacted and effective prior to September 11, 1959, Edwards could not have sued Uptagrafft, but, instead, his only remedy would have been a suit against the United States.

14.03, p. 409. We look to the state law in such a situation. Smith v. Whitmore, 3 Cir., 270 F.(2d) 741. In the present case Uptagrafft was primarily liable for his tortious conduct; the United States, assuming its possible liability to Edwards under the Tort Claims Act, was the technical wrongdoer under the doctrine of *respondeat superior*. The principle of exoneration does not operate in favor of one primarily liable against one secondarily liable. Sykes v. Stone & Webster Engineering Corporation, 186 Va. 116, 41 S.E. (2d) 469. Thus, unless the primary or basic liability rests in the United States, there is no right of exoneration resting in Uptagrafft and his insurance carrier. While there are exceptions to the general rule that one compelled to pay damages for the negligent or tortious act of another is generally not entitled to indemnity from the latter where both parties are joint tort-feasors or *in pari delicto*, we find no case in which the negligent employee has been permitted to recover from his employer under any theory of indemnity or exoneration in the absence of any express contract providing for such indemnification. It must be remembered that the only theory of liability on the part of the United States is grounded on the doctrine of *respondeat superior* as applied by the state where the negligence of the employee took place. Williams v. United States, 350 U.S. 857 [76 S.Ct. 100, 100 L.Ed. 761]."

By its own explicit language, the Act waives the Government's immunity from suit in favor of an injured person. The same waiver operates with respect to an insurer whose claim has been subrogated to that of the injured person. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). The waiver is operative, too, as to a joint tort-feasor suing the United States for contribution, either in a separate action or by impleading the Government as a third-party defendant. United States v. Yellow Cab Co., 340 U. S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1950).

Uptagrafft claimed in his third-party complaint (adopted by State Farm) that should he be held liable to Edwards, he was "entitled to be fully exonerated and/or fully indemnified * * * by the United States of America," said right being "based and founded on the contract, express and/or implied whereunder * * * Uptagrafft was employed by the United States * * *."

Though "exoneration" and "indemnity" are often used interchangeably, the former refers to the right to be reimbursed by reason of having paid that which another should be compelled to pay, 35 C.J.S. Exoneration p. 227; the latter, as applied to the facts of this case, means compensation for loss already sustained. This right is generally based upon contract, express or implied. 42 C.J.S. Indemnity p. 562 and § 1, p. 564. No basis exists in the Tort Claims Act or in Virginia law, however, for a claim for exoneration and/or indemnity such as is made in the instant case.

Furthermore, the district court has no jurisdiction of a claim in excess of $10,000.00 against the United States based upon an express or implied contract. 28 U.S.C.A. § 1346(a) (2).

Uptagrafft and State Farm style their claim that the United States has an obligation here as "an incident of its employment" as the "real crux of this case" and depend upon United States v. Gilman, 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898 (1954) to support their contention. The facts of Gilman are the exact converse of those involved here. The Government attempted to recover indemnity from its employee after having been held liable under the Tort Claims Act for the negligence of that employee. Recovery was denied.

The Supreme Court refused to create a rule of indemnity in *favor* of the United States. Conversely, in this case, we decline to create a rule of indemnity

*against* the United States for the same reason advanced in Gilman—that selection of policy in relation of Government to its employees is more appropriately for those who write the laws rather than those who interpret them. If Gilman has any application to the instant case, we think it speaks against Uptagrafft and State Farm.

 Uptagrafft and State Farm contend that the legislative history of the recent amendments to 28 U.S.C.A. § 2679 should lead to the conclusion that the United States has an obligation in this case. That argument is not persuasive. We should not and do not suppose that Congress intended to enact unnecessary statutory amendments. The policy announced in the amendments had been a matter of great concern to Congress and other governmental bodies. Similar legislation was passed in 1960 but was vetoed because of an objectionable provision that does not appear in the present amendments. The express purpose of the amendments "is to provide a method for the assumption by the Federal Government of responsibility for claims for damages against its employees arising from the operation by them of vehicles in the scope of their Government employment." Behind it is the desire to protect the government driver from the ever-present danger of personal liability and relieve him of the expense of supplying private liability insurance. Senate Report, 87th Congress, 2d Sess. (Aug. 1961) U.S.Code Cong. & Adm. News, p. 2784.

 Uptagrafft and State Farm complain that Congress did not formulate such a policy sooner. They ask this court, in effect, to make the policy retroactive for their benefit. Even if we were so inclined, we have no such power. By its own terms, the amendments became effective at the time specified by the Congress —to late to benefit Uptagrafft and State Farm.[2]

Affirmed.