Judgments; former adjudication/ res judicata. — Plaintiff Uptagrafft was a criminal investigator employed by the Alcohol and Tobacco Tax Unit of the Internal Revenue Service. While operating an automobile owned by the United States and kept for the use of employees such as Uptagrafft, plaintiff became involved in an accident with another automobile operated by one James Woodrow Edwards. Mr. Edwards filed suit against Uptagrafft seeking damages for personal injuries. Plaintiff Uptagrafft was insured under a policy issued by State Farm Mutual Automobile Insurance Company which company undertook responsibility for the defense of the suit when the United States refused to assume responsibility for the defense of the suit in the United States District Court for the Eastern District of Virginia. The United States was impleaded as a third-party defendant pursuant to Rule 14(a) of the Federal Rules of Civil Procedure on the theory that the United States owed Uptagrafft a duty to protect him from potential civil liability and to exonerate or indemnify him from all losses incurred in the operation of the Government-owned automobile. In June, 1960, State Farm on behalf of Uptagrafft, negotiated a settlement of Edwards’ claim in which the United States did not participate, object to or acquiesce in. On August 31, 1962, an order was entered in the District Court dismissing the third-party complaint which order was affirmed on appeal to the United States Court of Appeals for the Fourth Circuit. Uptagrafft v. United States, 315 F. 2d 200 (1963), certiorari denied 375 U.S. 818 (1963). Plaintiffs Uptagrafft and State Farm now sue in this court seeking exoneration and/or indemnity for losses, costs and expenses arising out of the *1192 accident of September 11, 1959. Defendant moved for summary judgment dismissing the petition on the grounds that the claim is barred by the doctrine of res judicata, that the claim having accrued on September 11, 1959, and the petition having been filed more than six years thereafter is barred by limitations, and finally that the petition does not state a claim against the United States upon which relief may be granted since it is based upon an alleged agreement implied in law to save Uptagrafft harmless from all civil liability resulting from his employment whereas no such contract exists. Upon consideration of defendant’s motion, plaintiffs’ opposition thereto and without oral argument, the court concluded on the basis of Uptagrafft v. United States, supra, that the claims are barred on the grounds of res judicata and/or collateral estoppel and that the petition failed to state a claim upon which relief could be granted, and on October 9, 1967, it was ordered that the petition be dismissed.