ALBERT MATUT AS POSSESSOR OF CERTAIN CASH, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 32639-84.        Filed April 15, 1986.

*Michael J. Osman,* for the petitioner.
*Michael B. Axman,* for the respondent.

OPINION

WHITAKER, *Judge:* The matter before the Court is respondent's motion for summary judgment filed August 7, 1985, but the issue which we are required to decide is the interpretation of section 6867,[1] added to the Code by the

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324. In an opinion filed on May 2, 1985, 84 T.C. 803 (1985), we held that the petition of Albert Matut in his individual capacity should be dismissed upon respondent's motion for failure to state a claim upon which relief can be granted, and we denied the motion of Mario Lignarolo to intervene in the proceeding as a party petitioner. In that opinion, we stated that "Mario Lignarolo would be allowed to come forth and testify at Albert Matut's (in his capacity as possessor of certain cash) trial that he is the owner of the money in issue." 84 T.C. at 808-809. The facts were fully set forth in our prior opinion, and will be repeated here only to the extent necessary to explain the issue now before us.

Section 6867, insofar as pertinent, provides:

(a) GENERAL RULE.—If the individual who is in physical possession of cash in excess of $10,000 does not claim such cash—

(1) as his, or

(2) as belonging to another person whose identity the Secretary can readily ascertain and who acknowledges ownership of such cash,

then, for purposes of sections 6851 and 6861, it shall be presumed that such cash represents gross income of a single individual for the taxable year in which the possession occurs, and that the collection of tax will be jeopardized by delay.

(b) RULES FOR ASSESSING.—In the case of any assessment resulting from the application of subsection (a)—

(1) the entire amount of the cash shall be treated as taxable income for the taxable year in which the possession occurs,

(2) such income shall be treated as taxable at a 50-percent rate, and

(3) except as provided in subsection (c), the possessor of the cash shall be treated (solely with respect to such cash) as the taxpayer for purposes of chapters 63 and 64 and section 7429(a)(1).

(c) EFFECT OF LATER SUBSTITUTION OF TRUE OWNER.—If, after an assessment resulting from the application of subsection (a), such assessment is abated and replaced by an assessment against the owner of the cash, such later assessment shall be treated for purposes of all laws relating to lien, levy and collection as relating back to the date of the original assessment.

On the authority of these provisions, in April 1983, respondent seized from Albert Matut cash in the amount of $87,500, representing one half of the money found in his possession, and then made a termination assessment against him. The termination assessment was reviewed by the U.S. District Court for the Southern District of Florida,

and on October 3, 1983, was held to be reasonable. In 1984, under the authority of section 6851(b), a statutory notice of deficiency was issued to Albert Matut as the possessor of certain cash. In his petition, Matut pleads that at all times he identified Mario Lignarolo, a resident of Florida, as the legal owner of the cash which Matut had in his possession, that said Lignarolo is the owner of the $87,500 still held by respondent, that no assessment of income tax has been made against said Lignarolo, and that petitioner owes no tax. Petitioner seeks a determination by us that there is an overpayment of tax resulting from the termination assessment.

Following our dismissal of the petition by Matut in his individual capacity and our refusal to permit Lignarolo to intervene as a party petitioner, respondent filed his motion for summary judgment. Respondent contends that Matut was in possession of cash on April 21, 1983, which he did not, and has never, claimed as his own; that Lignarolo does not acknowledge ownership of the cash, himself, but in the termination assessment hearing he contended that the cash belonged to a Panamanian corporation named COINPA, S.A.; that Matut has never identified the cash "as belonging to another person whose identity the Secretary can readily ascertain and who acknowledges ownership of such cash." Finally, respondent contends that Lignarolo cannot now acknowledge himself individually as the owner of the cash without committing perjury. Therefore, respondent contends that there is no dispute as to any material fact. The motion prays that the determinations by the Commissioner in the statutory notice should be sustained. A hearing on this matter was held on December 12, 1985.

Respondent's primary contention is that this Court has no jurisdiction to determine in this proceeding whether or not Lignarolo or some other person, firm, or corporation is the true owner of the cash. In the alternative, respondent contends that Lignarolo is precluded from claiming the cash himself by reason of his testimony in the District Court proceeding. Respondent's primary contention would deprive both petitioner and Lignarolo of any remedy in this Court (and perhaps in any court), notwithstanding the direction and necessary implication in section 6867(c) that once the

true owner of cash is identified, that person has the right to have the tax liability of the owner determined by us in this proceeding.

Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. *Jacklin v. Commissioner*, 79 T.C. 340, 344 (1982); *Espinoza v. Commissioner*, 78 T.C. 412, 416 (1982).

In his response to the motion for summary judgment, petitioner contends that there is a dispute as to material facts—that Lignarolo is the owner of the cash retained by respondent and that he is not precluded from so testifying under oath. Petitioner contends that Lignarolo so testified on August 1, 1983, before the U.S. District Court for the Southern District of Florida, whereas respondent contends that in a hearing on August 8, 1983, Lignarolo testified to the contrary. We cannot resolve this dispute as to material facts in this proceeding. Petitioner is entitled to have a determination by this Court in a hearing on the merits as to whether or not Lignarolo was, at the time said cash was seized, or thereafter has become, the owner thereof. As we said in our prior opinion, Lignarolo is entitled to appear before us to testify on this issue.

However, in view of respondent's principal argument that we lack jurisdiction to hold such a hearing on the ownership issue, further explanation of the new statutory provision is desirable.[2] Section 6867 was added to the 1982 Act by conference agreement with only an abbreviated explanation in the Conference Committee report.[3] The need for the provision seems clear. There are two basic requirements: (i) that an individual found in possession of cash does not claim the cash himself, and (ii) that the true owner is not a

[2]Temporary Regs. sec. 301.6867-1T, Proced. & Admin. Regs., 51 Fed. Reg. 9949 (1986), effective Mar. 24, 1986, addresses the issue of cash equivalents for purposes of sec. 6867(d), which has no bearing on the issue presented for determination.

[3]H. Rept. 97-760 (Conf.)(1982), 1982-2 C.B. 652.

person "whose identity the Secretary can readily ascertain and who acknowledges ownership of such cash." It is implicit in this second requirement that the Secretary *must be reasonably satisfied* both as to the identity of the person and as to that person's acknowledgment of ownership. Apparently, in this case, respondent was unable to locate the foreign corporation described by Lignarolo during the August 8, 1983, hearing as the owner. Respondent is unwilling to acknowledge Lignarolo as the owner of the cash.[4] Where the Secretary is not so satisfied, a termination assessment may be made, as was done in this case. The legislative history explains the next step in the following language:

> Notice with respect to the assessment is given to, and the right to contest the assessment is vested in, the person found in possession of the cash. However, the true owner can come forward and challenge the assessment and will be retroactively substituted for the possessor for all purposes (including establishing lien priorities) as of the date of the original assessment. In addition, the true owner will continue to have the same rights as exist under present law to recover his cash. [H. Rept. 97-760 (Conf.)( 1982), 1982-2 C.B. 654.]

This would normally be followed by the substitution by respondent of the true owner on the assumption that ownership is determined.

Respondent, by arguing that ownership cannot be determined by us, apparently believes that there is a fatal statutory gap between the steps described in subsections (b) and (c) of section 6867—after the assessment is made and before substitution of the true owner. We cannot and will not presume that the statutory language of this new Code section, as explained by the Conference Committee report, is a nullity and that Lignarolo has no remedy in this Court. Rather, the presumption is against interpreting a statute in a way which renders it ineffective or futile. *Bird v. United States*, 187 U.S. 118, 124 (1902); *General Motors Acceptance Corp. v. Whisnant*, 387 F.2d 774, 778 (5th Cir. 1968); *Uptagrafft v. United States*, 315 F.2d 200, 204 (4th Cir. 1963). In *Estate of Roy v. Commissioner*, 54 T.C. 1317, (1970), we quoted with approval from *Sunshine Coal Co. v. Adkins*, 310 U.S. 381, 392 (1940), wherein it was said that

---

[4]Whether or not respondent's position is reasonable is not an issue, at *least* at present.

an "alternative [which would seriously impair the effectiveness of a statute] will not be taken where a construction is possible which will preserve the vitality of the Act and the utility of the language in question." 54 T.C. at 1323. See also *Commissioner v. Brown*, 380 U.S. 563 (1965); *J.C. Penney Co. v. Commissioner*, 312 F.2d 65 (2d Cir. 1962) affg. 37 T.C. 1013 (1962).

While we may be a Court of limited jurisdiction, we of necessity do have whatever jurisdiction Congress may give to us. As the legislative history explains, in whatever forum the possessor of the cash selects in which to contest respondent's assessment, the true owner may "challenge the assessment" and will be "retroactively substituted for the possessor *for all purposes*." (Emphasis added.) This is, we believe, a mandate to this Court to determine the identity of the "true owner" and to cause that person to be substituted for the possessor. In a sense, the authority given us by section 6867 is in the nature of a declaration of ownership rights to the cash.[5] This construction of the statute is essential if a proceeding in this Court is to be something more than an exercise in futility.

Upon establishment of the identity of the true owner by us, respondent may, if so advised, abate the assessment previously made pursuant to section 6867(a) and (b) and replace it with an assessment against the person, firm, or corporation determined by us to be the true owner, as contemplated by subsection (c). In that circumstance, the proceedings would continue as though in the first instance the statutory notice had been issued to the true owner. But respondent cannot defeat the statutory remedy of the true owner by declining to replace the erroneous assessment and declining to issue a new statutory notice relating back to the date of the statutory notice issued pursuant to the presumption of section 6865(a). Our jurisdiction having been properly invoked, we have the power to determine an over assessment in favor of the true owner unless respondent chooses to determine a deficiency in the tax liability of the true owner against which the seized cash may be applied.

This case is, therefore, due to be set for trial on the issue

---

[5]Whether or not respondent's position is reasonable is not an issue, at *least* at present. See, e.g., secs. 7428, 7476, 7478.

of the ownership of the cash, or more specifically, to enable Lignarolo to convince us, if he can, that he is such true owner.[6] Further proceedings may or may not be then indicated.

*An appropriate order will be entered.*

---

[6]We recognize that other questions may arise, such as whether respondent is limited to determination of a deficiency based solely on the seized cash or on other facts which might arise during an audit. It would be premature, however, to attempt to resolve such subsidiary issues unless and until they arise.