866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert BLAIR, Claimant-Appellant,
United States of America, Plaintiff-Appellee,
v.
ONE POLAROID LAND CAMERA, One Polaroid Land Identification
System, Defendants.
 No. 88-6061.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 29, 1988.
Decided: Jan. 30, 1989.
 
 Robert Blair, appellant pro se.
 Donna Helen Triptow, Office of the United States Attorney), for appellee.
 Before ERVIN, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case is on appeal following remand for the district court to determine whether a claimant to property sought to be forfeited had any constitutional defenses to forfeiture. The forfeiture action was originally commenced by the government on December 5, 1983, as an in rem proceeding under 18 U.S.C. Sec. 492 against certain photographic equipment allegedly used in a scheme to defraud the government out of social security funds. With the district court's permission, Robert Blair, the appellant in this case and a claimant to the property sought to be forfeited, filed a counterclaim against the United States for $186,000 in damages attributable to the allegedly unlawful seizure and retention of his property, calculated at $3,000 per month for 62 months. Blair also sought return of the equipment or its equivalent in damages.
 
 
 2
 On remand, the government filed a motion to dismiss, asserting that it no longer sought forfeiture, and that it would return the equipment to Blair. The district court granted the motion to dismiss, reasoning that it lacked jurisdiction over Blair's counterclaim. The court certified that the government had reasonable cause to seize the property and institute forfeiture proceedings.
 
 
 3
 On appeal, Blair contends that the district court erred in dismissing his counterclaim and in denying him the opportunity to respond to the government's motion to dismiss. We disagree and affirm.
 
 
 4
 The district court had no basis for jurisdiction over Blair's counterclaim. The claim was excepted from coverage under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 1346(b), 2671 et seq., because the decision to seize the equipment and institute forfeiture proceedings against it fell within the discretionary function exception to the FTCA, 28 U.S.C. Sec. 2680(a). See United States v. Articles of Drug, 825 F.2d 1238, 1248-49 (8th Cir.1987); States Marine Lines, Inc. v. Shultz, 498 F.2d 1146, 1148 (4th Cir.1974). Nor did the court have jurisdiction pursuant to the Tucker Act, 28 U.S.C. Sec. 1346(a)(2). Blair's counterclaim exceeded the Act's $10,000 jurisdictional limitation. See Cook v. Arentzen, 582 F.2d 870, 873 (4th Cir.1978); Uptagrafft v. United States, 315 F.2d 200, 203 (4th Cir.), cert. denied, 375 U.S. 818 (1963). Finally, the district court did not have jurisdiction under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) because only the United States, rather than an individual agent, was named as a counterdefendant. See United States v. $149,345 United States Currency, 747 F.2d 1278, 1282-83 (9th Cir.1984). Even if, as Blair argues, he should have been given the opportunity to amend his counterclaim to name additional counterdefendants, no jurisdiction would exist because 28 U.S.C. Sec. 2465 would immunize such defendants from liability. Under these circumstances, the district court was not required to wait for a response from Blair before ruling on the government's motion to dismiss.
 
 
 5
 The order of the district court is affirmed. Blair's motions for appointment of counsel and for leave to file an amended counterclaim are denied. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.