CHARLES R. KEITH, AS POSSESSOR OF CERTAIN CASH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keith v. Commissioner
Docket No. 35296-85
United States Tax Court
T.C. Memo 1989-437; 1989 Tax Ct. Memo LEXIS 436; 57 T.C.M. (CCH) 1351; T.C.M. (RIA) 89437; August 17, 1989
Evelyn E. Small, for the petitioner. John C. McDougal, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined that petitioner, as possessor of certain cash, owed a deficiency in Federal income tax of $ 16,000 for 1984. The issues for decision are: 1) whether we have jurisdiction to determine the true owner of cash seized pursuant to sections 6851 [1] and 6867; 2) whether we have jurisdiction to consider the validity of a deficiency notice in the section 6867 context; 3) whether respondent properly invoked section 6867; and 4) whether Charles R. Keith is the true owner of the seized cash. FINDINGS OF FACT Some of the facts were stipulated and are found accordingly. Charles R. Keith ("Keith") resided at Route 2, Box 368, Christiansburg, Virginia, on the date of filing the petition in this case. Keith, his wife and their son came to Richmond, Virginia, on the Saturday night preceding April 17, 1984. On April 17, 1984, police officers observed *438 Keith in his automobile following another car. The officers followed the two automobiles to a motel. Keith and James Pappas ("Pappas"), the driver of the other vehicle, both parked their automobiles and entered a motel room. Keith had registered for the motel room under an alias. Soon thereafter, Keith and Pappas left the room and returned to their cars. Pappas removed a brown briefcase from his car and returned with it to the motel room. Keith also returned to the room. The officers legally entered Keith's motel room later on that day. When the officers entered the room, they observed a large brown briefcase and a green bank bag in the room. Keith stated after the officers' entry that he did not own the brown briefcase which was present in the room and that he did not know to whom it belonged. Keith gave no indication that he knew that there was money in the brown briefcase. At trial in this Court, Keith stated that he did not know at the time of seizure what the brown briefcase contained, other than the cash. Keith's wife informed the officers on April 17, 1984, that the brown briefcase belonged to Pappas. Pappas, however, denied ownership of the brown briefcase. The *439 brown briefcase contained, among other things, $ 32,000 in cash, a car registration in Keith's name, and an eyeglass receipt in the name of an alias of Pappas. The cash found in the brown briefcase was packaged in bundles; some bundles were bound in $ 1,000 wrappers. Ninety-six $ 1,000 wrappers were found in a green bank bag, of which Keith denied ownership on April 17, 1984, and at trial in this Court. The green bank bag also contained a wallet with identification in the name of Pappas's alias, a handgun, and cocaine. The Richmond police seized the brown briefcase, the green bank bag, and the contents of both on April 17, 1984. Respondent made a termination assessment against petitioner pursuant to sections 6851 and 6867 and seized $ 16,000 cash from the City of Richmond Police Department by Notice of Levy dated January 9, 1985. On January 25, 1985, Keith filed a Motion for Return of seized property with the Circuit Court for the City of Richmond. The motion asserted that Keith was the owner of the $ 32,000 cash which had been seized by the police on April 17, 1984. On February 14, 1985, Keith withdrew his motion for the return of the cash. Keith subsequently was convicted *440 for the possession of cocaine. Respondent issued a statutory notice of deficiency to petitioner as possessor of the $ 32,000 cash on June 14, 1985, determining a deficiency in the amount of $ 16,000. OPINION The present case arises out of a termination assessment made against petitioner pursuant to sections 6851 and 6867. Petitioner urges this Court to find that section 6867 was inapplicable since conditions necessary for its application were not met at the time respondent issued the deficiency notice. Petitioner asserts that, as a consequence, the deficiency notice is invalid. [2] In the alternative, petitioner urges this Court to find that Keith is the true owner of the cash. For reasons below stated, we find that section 6867 was properly invoked in this case and that Keith is not the true owner. Consequently, petitioner remains liable for the determined deficiency. *441 The first issue for our decision is whether we have jurisdiction to decide the identity of the true owner of seized cash in the section 6867 context. Respondent argues that we lack jurisdiction to decide the true owner of cash in these circumstances. This Court has decided in previous opinions that it has such jurisdiction in section 6867 proceedings. Matut v. Commissioner, 86 T.C. 686 (1986) (hereinafter Matut II); Peoples Loan & Trust Co. v. Commissioner, 89 T.C. 896, 906 (1987), revd. sub nom. Commissioner v. Hendrickson, 873 F.2d 1018 (7th Cir. 1989) (reversed on another issue).[3] The Eleventh Circuit has affirmed this Court's jurisdiction under similar circumstances, stating: Section 6867(c) contemplates that the true owner can claim ownership after the notice of deficiency is issued to the possessor, i.e., during proceedings in the Tax Court. If the claim of ownership is successful, the statute contemplates that the true owner may be substituted for the possessor for all purposes. To hold otherwise would undermine the effective operation of the statute. *442 * * * We agree with the Tax Court that it did have jurisdiction to determine ownership of the cash, and we affirm the holding of the Tax Court to that extent. * * * [Matut v. Commissioner, 858 F.2d 683, 686, 688 (11th Cir. 1988) (hereinafter Matut IV), affg. 88 T.C. 1250 (1987) (hereinafter Matut III).] As the legislative history of section 6867 explains, in whatever forum the possessor of the cash selects to contest respondent's assessment, the true owner may "challenge the assessment" and will be "retroactively substituted for the possessor for all purposes." H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 600, 654. This is a mandate to this Court to determine the identity of the true owner. Matut II, 86 T.C. at 691. We conclude, accordingly, that we have jurisdiction in this matter. The second issue for our decision is whether we have jurisdiction to consider the validity of the deficiency notice. Respondent argues that the jurisdiction to review respondent's determination as to predicate facts of section 6867 is vested exclusively in the U.S. District Court by section 7429(b). Respondent asserts that the *443 jurisdiction of this Court is limited to a redetermination of the correct amount of the deficiency and the appropriate tax thereon pursuant to section 6214(a). Regarding this Court's jurisdiction to consider the validity of respondent's deficiency notice in the section 6867 context, we stated in Peoples Loan & Trust Co. v. Commissioner, 89 T.C. at 905-906: Although this Court has no authority to review jeopardy [and termination] assessments [citation omitted], we have the authority and responsibility to review the deficiencies in tax as determined by the Commissioner. In these [section 6867] cases, the deficiencies as well as the fictitious taxpayers to whom the deficiencies relate were created through operation of section 6867. Thus, we must review the evidence to determine whether section 6867 has been properly invoked. * * * [4] [Footnote reference added.] In accordance *444 with our decision in Peoples Loan & Trust Co. v. Commissioner, we find that we have jurisdiction to determine whether section 6867 was properly invoked in this case. Accordingly, we will next consider whether respondent properly invoked section 6867. Section 6867 functions to allow section 6851 termination or section 6861 jeopardy assessments to be made. Section 6867 applies whenever the possessor of cash in excess of $ 10,000 disclaims ownership of the money and no other person whom respondent can readily identify as the owner comes forward and sufficiently acknowledges ownership of the cash. When properly invoked, the section performs three functions: (1) It creates a deemed taxpayer, the possessor of the unclaimed cash, who is different in law from the property possessor in his or her individual capacity; (2) it creates a statutory presumption that this deemed taxpayer has a tax deficiency equal to 50 percent of the unclaimed cash; and (3) it creates an additional presumption that the collection of this deficiency is in jeopardy. Section 6867 thus supplements the termination and jeopardy assessment provisions in that it authorizes respondent to make assessments without *445 the necessity of determining the fact and amount of a tax deficiency for an identifiable person. The two conditions necessary for the application of section 6867 were met in this case, namely: (1) that Keith was found in possession of cash in excess of $ 10,000 and did not claim the cash as his own; and, (2) that the true owner was not a person whose identity respondent could readily ascertain and who acknowledged ownership of the cash. Matut II, 86 T.C. at 689-690. The first condition was met on April 17, 1984, and at all relevant times subsequent to that date. A brown briefcase containing $ 32,000 cash was found in Keith's possession on April 17, 1984. Three local policemen, who interviewed Keith at various times on that date, stated at trial in this Court that Keith denied ownership of the brown briefcase and that he denied knowing to whom the briefcase belonged. The testimony of these officers was straightforward and believable. Keith testified at trial in this Court that he remained silent when questioned by the police. We have had ample opportunity to form a judgment of Keith and find his testimony to be incredible. We find that Keith denied ownership *446 of the brown briefcase on April 17, 1984. The denial of ownership, in these circumstances, refers by implication to the cash and other contents of the brown briefcase. On January 25, 1985, Keith's attorney filed a Motion for the Return of the $ 32,000 cash. The motion was later withdrawn. Keith allegedly withdrew the motion to avoid a threat of indictment on conspiracy charges. This withdrawn motion, as a claim to ownership, was insufficient to negate the first condition of section 6867. The intent of section 6867 is to force the true owner to come forward and expose himself to the close scrutiny of respondent, thereby affording respondent the opportunity to determine whether a deficiency should be assessed. H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. at 654; Commissioner v. Hendrickson, 873 F.2d at 1021; Matut IV, 858 F.2d at 687. A withdrawn motion does not rise to the level of a claim to ownership contemplated by the statute since it is not a position maintained in the face of close scrutiny by respondent. Use of section 6867 should not be precluded on these grounds. Matut III, 88 T.C. at 1258; cf. Commissioner v. Hendrickson, supra. *447 Respondent otherwise would not have an identifiable person against whom to determine the fact and amount of a deficiency in regard to the unclaimed cash, a situation which section 6867 was attempting to avoid. We find that because Keith did not appropriately claim the $ 32,000 cash as his own, the first condition necessary for the application of section 6867 was met. The second condition of section 6867 was met since the true owner was not a person whose identity respondent could readily ascertain and who acknowledged ownership of the cash. Petitioner argues that the information available as to ownership was sufficient to negate the second condition of section 6867. Petitioner supports this argument by citing to the following alleged facts: Keith claimed the cash in a legal motion, Keith did not deny ownership of the cash, the police seized the cash from Keith's motel room, and the brown briefcase contained papers identifying Keith. In Matut III, this Court considered whether the second condition necessary for the application of section 6867 had been met. In that case, Matut stated at the time when authorities found him in possession of cash that the cash belonged to Lignarolo. *448 He maintained the same factual account throughout the proceedings. Lignarolo came forward to acknowledge ownership prior to respondent's issuance of a deficiency notice. We ultimately found Lignarolo to be the true owner of the cash. Matut III, 88 T.C. at 1251, 1258. We held section 6867 inapplicable since sufficient information as to the ownership was available for respondent to readily ascertain the identity of the true owner and the true owner acknowledged ownership of the cash. [5] See Matut III, supra.
In the instant case, Keith presented two opposing accounts as to the ownership of the cash. Keith first denied ownership of the cash, then he claimed the cash in a legal motion which he later withdrew. Respondent is justified in not believing one of Keith's accounts and in determining that the identity of the true owner could not be readily ascertained. Keith's wife informed the police officers that *449 Pappas owned the brown briefcase. Pappas, however, did not acknowledge ownership. Acknowledgment by the true owner is needed to preclude the application of section 6867. Implicit in the second condition is that respondent be reasonably satisfied both as to the identity of the true owner and as to the person's acknowledgment of ownership. Matut II, 86 T.C. at 690. We find that at no time was there an appropriate claim to ownership or sufficient information available which would preclude respondent's application of section 6867. The conditions necessary for the application of section 6867 were met in this case. The final issue that we must decide is whether Keith is the true owner of the cash. Petitioner urges this Court to decide that Keith is the true owner of the cash. See Matut II, supra. The only evidence presented here as to Keith's ownership are his bald, self serving statements. This Court already has commented on Keith's credibility, but will remark that his demeanor as a witness was significant to the determination that he was not the owner of the cash. His testimony was ambivalent, equivocal, hazy and bizarre. Petitioner contends *450 that Keith's statements at trial in this court are inherently credible because of a threat of prosecution that still hangs over him. We are not impressed with this contention. Keith wants this Court to believe that the same threat, which allegedly forced him to withdraw his first claim, proves this second claim. Keith's position in this respect is, indeed, a paradox. Furthermore, being a convicted drug possessor, Keith already has demonstrated a willingness to risk prosecution for what he wants. We view this attempt to secure the $ 16,000 as another instance where Keith is risking prosecution to get what he wants. On the insufficiency of the evidence alone, we find that Keith is not the true owner of the cash. Other evidence suggests that Keith is not the true owner of the money. He had no source for large amounts of cash other than an alleged loan from an individual named Benny Martin. The loan was supposed to be for the purchase of a piece of equipment, but Keith could not state what specifically he did to find such equipment. Keith's alleged "loan" as a source of the cash impressed us as a figment of a fecund imagination. Certain articles in the brown briefcase where *451 the money was found belonged to Keith; other articles belonged to Pappas. It is significant that Keith was not cognizant of what the brown briefcase contained. This fact indicates to us that he did not have access to the contents and is not the owner of the cash. Police officers testified that Pappas removed the brown briefcase from Pappas's car and that Pappas carried it to the motel room. Pappas's apparent dominion over the brown briefcase is consistent with petitioner's wife's statement that the brown briefcase belonged to Pappas without any qualification about the contents. It is also noteworthy that the green bank bag, which Keith admits belonged to Pappas, contained ninety-six $ 1,000 money wrappers which were similar to those in which cash in the brown briefcase was bound. It is impossible to determine with certainty, on the available evidence, who is the true owner of the cash. However, this Court finds that Keith is not the true owner. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
2. Petitioner bases this assertion upon Matut v. Commissioner, 88 T.C. 1250 (1987), affd. in part, vacated and remanded in part 858 F.2d 683 (11th Cir. 1988). Peoples Loan & Trust Co. v. Commissioner, 89 T.C. 896 (1987), revd. sub nom. Commissioner v. Hendrickson, 873 F.2d 1018 (7th Cir. 1989), also found that improper application of section 6867 resulted in a jurisdictional defect. However, the Seventh Circuit in Commissioner v. Hendrickson, supra, determined that the Tax Court should not have cast its actions in jurisdictional terms and that the Tax Court's decision in Peoples↩ was a ruling on the merits.
3. See also Scardina v. Commissioner, T.C. Memo. 1988-20↩. We find this case to be directly on point.
4. The Tax Court has jurisdiction, under certain circumstances, to determine the reasonableness of jeopardy assessments made on or after July 1, 1989. Sec. 7429(b)(2)(B), as amended by sec. 6237(c), Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3741.↩
5. The Eleventh Circuit reversed the decision on the grounds that Lignarolo technically had become the owner of the cash after the seizure and, therefore, was not the proper party to come forward to claim the cash as the true owner.↩