JANE A. MARTIN, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 7228-86.          Filed October 22, 1987.

*Theodore Marasciulo, Jr.,* for the respondent.

OPINION

TANNENWALD, *Judge*: Respondent determined deficiencies
in petitioner's Federal income tax as follows:

| TYE Dec. 31— | Deficiency | Addition to tax sec. 6653(b)[1] |
|---|---|---|
| 1977 | - - - | $758.00 |
| 1978 | $810 | 1,163.50 |
| 1979 | 11,217 | 5,608.50 |

By way of amendment to his answer, respondent asserted:
(a) A 25-percent addition to tax under section 6651(a)(1)
(delinquency), and (b) a 5-percent addition to tax under
section 6653(a) (negligence) for each of the above years as
an alternative to his claim for additions to tax under section
6653(b). Respondent has since conceded the additions to tax
under section 6653(b) for all 3 years and the additions to
tax under sections 6651(a)(1) and 6653(a) in respect of the
taxable year ended December 31, 1977.

The record herein clearly indicates that petitioner filed
delinquent returns for each of the years in issue. It further
shows, by way of the petition, that petitioner pleaded guilty
to an indictment for failure to file timely returns for 1977,
1978, and 1979.

On November 14, 1986, the Court issued a notice setting
case for trial on April 20, 1987, in Room 7405, United
States Courthouse Building, 601 Market Street, Philadel-

---

[1] All section references are to the Internal Revenue Code in effect during the years in issue,
and all Rule references are to Tax Court Rules of Practice and Procedure.

phia, Pennsylvania, at 1:30 p.m. Among other matters, this notice advised the parties that failure to appear at that time and/or failure to cooperate in the preparation of an agreement on all facts and documents as to which there should be no disagreement might result in dismissal of the case and entry of decision against the defaulting party. Accompanying the notice was a memorandum from the Clerk of the Court setting forth various pre-trial procedures which the parties were expected to follow.

By letters, dated March 26, April 1, and April 10, 1987, respondent sought to meet with petitioner in order to prepare the case for trial. Petitioner did not respond to any of these communications. On April 6, 1987, the Court sent a letter to petitioner again outlining her responsibilities in preparing the case for trial and warning her that, if she failed to comply with the Court's instructions, the case might be dismissed and decision entered against her for the full amount of the deficiencies and additions to tax. Petitioner took no action in response to this letter.

The above-docketed case was called for trial at the time and place specified in the aforementioned notice setting the case for trial. Petitioner did not appear. Respondent conceded the additions to tax under section 6653(b) and moved to dismiss the case for failure properly to prosecute. The Court granted respondent's motion in respect of the underlying deficiencies for 1978 and 1979, but reserved decision with respect to the additions to tax under sections 6651(a)(1) and 6653(a) in light of the fact that respondent had the burden of proof on these issues since they were raised by way of respondent's answer. Rule 142(a).

We are now satisfied that respondent's motion to dismiss should be granted as to his claims for those additions to tax. In *Bosurgi, Transferee v. Commissioner,* 87 T.C. 1403 (1986), we granted respondent's motion for a default judgment against the transferees of an estate even though the burden of proof as to transferee liability was on respondent. Having noted that the issue of fraud was not involved, we stated, 87 T.C. at 1408:

If a taxpayer does not think well enough of his case to defend it where the Government has the burden of proof, this Court should default him. To hold a trial in a case abandoned by the taxpayer is at best an

indulgence of archaic manners and at worst an insult to the taxpayers who have a rightful claim on this Court's time. * * *

We also stated, 87 T.C. at 1409:

Entry of a default has the effect of admitting all well-pleaded facts in respondent's answer, and a default judgment must be supported by respondent's well-pleaded facts. * * *

Based upon the record herein and our careful examination of the allegations in respondent's answer, we are satisfied that the standards established by *Bosurgi* have been satisfied. We therefore grant respondent's motion to dismiss for failure properly to prosecute with respect to the additions to tax under sections 6651(a)(1) and 6653(a) with respect to the years 1978 and 1979. After taking into account respondent's concessions,[2]

*An appropriate order and decision will be entered for the respondent.*

---

[2]We note that, had respondent pleaded collateral estoppel, petitioner would have been estopped by virtue of her plea from contesting the additions to tax. *Kotmair v. Commissioner,* 86 T.C. 1253 (1986).