UNION DENTAL PLAN, INC. TRANSFEREE AND UNION DENTAL PLAN, INC., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Union Dental Plan, Inc. v. Commissioner
Docket No. 12791-83.
United States Tax Court
T.C. Memo 1989-255; 1989 Tax Ct. Memo LEXIS 255; 57 T.C.M. (CCH) 527; T.C.M. (RIA) 89255; May 25, 1989. Ross W. Paulson, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: This case is before the Court on respondent's motion to dismiss for failure to prosecute properly. On August 11, 1988, the parties were notified that this case was set for trial on January 23, 1989. The notice setting case for trial said in bold type, "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Attached to the notice of trial was the Court's Standing Pre-Trial Order, which stated, in part: It is further ORDERED that all parties shall be prepared for trial at any time during the term of the trial session unless a specific date has been previously set by the Court. * * * When the case was called from the calendar on January 23, 1989, counsel for respondent appeared and was heard. There was no *256 appearance on behalf of petitioner. Counsel for respondent moved orally that this case be dismissed against petitioner for petitioner's failure to prosecute properly. We requested respondent's counsel to prepare a written motion to dismiss, which was filed with the Court on January 31, 1989. The petition in this matter was filed with this Court on May 27, 1983, to contest respondent's determinations in four notices of deficiency, three of which involved determinations of transferee liability and one of which involves a determination of income tax liability as follows: Respondent determined a deficiency in income tax due from petitioner, Union Dental Plan, Inc., for the taxable year ended June 30, 1979, in the amount of $ 13,594. He determined liabilities in the amounts of $ 85,743.01 and $ 35,137.61 plus interest thereon as provided by law from September 15, 1978, to the date such liabilities are paid, due from petitioner as transferee of the assets of Davidowitz, Goldberg, Dean, A Professional Corporation, Transferor, for unpaid income tax and additions to tax of the transferor for the taxable year ended June 30, 1978. Respondent also determined a liability in the amount *257 of $ 430,210, plus interest thereon as provided by law from September 17, 1979, to the date such liability is paid, due from petitioner as transferee of the assets of Rabbitt, Davis, Curren, A Professional Corporation, Transferor, for unpaid income tax of the transferor for the taxable year ended June 29, 1979. Respondent further determined a liability in the amount of $ 176,052, plus interest thereon as provided by law from September 17, 1979, to the date such liability is paid, due from petitioner as transferee of the assets of Davidowitz, Goldberg, Dean, A Professional Corporation, Transferor, for unpaid income tax as a transferor for the taxable year ended June 29, 1979. On February 14, 1985, petitioner filed a petition in bankruptcy with the United States Bankruptcy Court for the Northern District of California. The trustee in bankruptcy for petitioner was discharged by the United States Bankruptcy Court on October 1, 1987, and no longer represents petitioner in the above-mentioned bankruptcy action. Petitioner's bankruptcy estate was closed at the same time the trustee was discharged. On June 18, 1985, we granted the motion of petitioner's attorneys to withdraw as counsel *258 of record. Since that date, petitioner has had no representative in this Court. Respondent orally represented to the Court that petitioner has no assets and no longer does any business whatsoever. Respondent further indicated that the attorney who previously represented petitioner in bankruptcy is unwilling to enter an appearance in this case or to execute any stipulated decision. It is clear to the Court that petitioner does not intend to prosecute its case. We therefore have no hesitancy in granting respondent's motion to dismiss as to the deficiency in income tax due from petitioner for the taxable year ended June 30, 1979, in the amount of $ 13,594. On the other hand, we must deny respondent's motion with regard to his determinations of transferee liability set forth above. Congress has imposed on respondent the burden of proof in establishing transferee liability. Section 6902(a); [1] see also Rule 142(d). Rule 123 of the Tax Court Rules of Practice and Procedure provides as follows: (a) Default: When any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, he may be held in default by the Court either on motion of *259 another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. The Court may, in its discretion, conduct hearings to ascertain whether a default has been committed, to determine the decision to be entered or the sanctions to be imposed, or to ascertain the truth of any matter. (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. While we can indeed dismiss this case under *260 Rule 123(b) as to petitioner, who has the burden of proof as to the deficiency, we have no basis on which to hold petitioner in default regarding the transferee liability issues. In Bosurgi v. Commissioner,87 T.C. 1403 (1986) (Court-reviewed opinion), we held that entry of a default judgment is appropriate upon a determination in the sound judicial discretion of the Court that the pleadings of the moving party set forth facts sufficient to support the judgment. Entry of a default has the effect of admitting all well-pleaded facts in respondent's answer, and a default judgment must be supported by respondent's well pleaded facts. Bosurgi v. Commissioner,87 T.C. at 1408, 1409. In this case, however, respondent never pleaded any facts whatsoever with regard to the transferee liability. Respondent's answer simply contains a pro forma general denial of the allegations in the petition. Since there is no evidence or well-pleaded facts which would sustain respondent's burden of showing that petitioner is liable as the transferee, respondent's motion is denied to that extent. Moreover, since neither party offered any evidence when the case was called *261 for trial, our decision is made in conformance with the relative burdens of proof. We therefore hold that there is a deficiency in income tax due from petitioner for the taxable year ended June 30, 1979, in the amount of $ 13,594. We find for petitioner on the transferee liability issue raised in the notices of deficiency on which this case is based. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code of 1954 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩