PEOPLES LOAN & TRUST CO., AS POSSESSOR OF CERTAIN CASH, Petitioner v. COMMISSIONER OF INTERNAL RZVENUE, Respondent; LEON E. HENDRICKSON, AS POSSESSOR OF CERTAIN CASH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Peoples Loan & Trust Co. v. Commissioner
Docket Nos. 30402-84; 30420-84
United States Tax Court
T.C. Memo 1989-524; 1989 Tax Ct. Memo LEXIS 524; 58 T.C.M. (CCH) 227; T.C.M. (RIA) 89524; September 26, 1989
*524 The Court of Appeals for the Seventh Circuit reversed and remanded the opinion of this Court at 89 T.C. 896. In accordance with said remand, it is held that the notices of deficiency in these cases were adequate to give the Court jurisdiction to hear and decide them; further held, that the notice of deficiency in docket No. 30402-84 was in error in that sec. 6867, I.R.C., does not apply to corporations; further held, that the statute did apply to petitioner in docket No. 30420-84. Amounts of deficiency determined. Robert E. Johnson and Marc A. Hertzner, for the petitioners. Rodney J. Bartlett, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined a deficiency in income tax of $ 113,250.00 for taxable year 1983 against Peoples Loan & Trust Co. ("Peoples"), as possessor of certain cash. He also determined a deficiency of $ 1,834,500.25 for taxable year 1983 against Leon E. Hendrickson, as possessor of certain cash. After trial, this Court filed its Findings of Fact and Opinion in these consolidated cases on October 26, 1987. 89 T.C. 896. This Court held that the notices of deficiency were invalid and that we thus lacked subject matter jurisdiction. See section *526 6213; Shelton v. Commissioner, 63 T.C. 193 (1974). An appropriate order dismissing these consolidated cases was entered. Petitioners and respondent cross-appealed this Court's order to the Court of Appeals for the Seventh Circuit. In Commissioner v. Hendrickson, 873 F.2d 1018 (7th Cir. 1989), the Court of Appeals for the Seventh Circuit held that this Court had jurisdiction to consider the petitions of both Leon Hendrickson ("Hendrickson") and Peoples Loan and Trust Company, contrary to our holding dismissing both causes for lack of jurisdiction. The Seventh Circuit reversed and remanded to us for disposition in accordance with its opinion on this matter. We accordingly accept that the statutory notices to Hendrickson and Peoples were valid so as to confer jurisdiction on this Court. There remains, however, the question of the correctness of those determinations of deficiency. We will discuss the determination as to each petitioner separately. The facts concerning the determined deficiencies are set forth in our prior opinion, 89 T.C. 894, and will not be repeated here. Except as expanded by any further findings of fact made herein, *527 such prior findings remain unchanged. PEOPLES LOAN AND TRUST With respect to Peoples, respondent's assessment of deficiency was made pursuant to the provisions of section 6867(b). [1] As the Seventh Circuit pointed out, however, section 6867 assessments of deficiency against possessors of cash are authorized only in the case of individuals. As section 6867(a) makes clear, If the individual who is in physical possession of cash * * * does not claim such cash * * * then * * * it shall be presumed that such cash represents gross income of a single individual * * *. [Emphasis added.] This being true, it follows that respondent erred in making an assessment of deficiency against Peoples, a corporation, under section 6867. Therefore, decision in docket No. 30402-84 must be entered for petitioner Peoples. LEON HENDRICKSON That same opinion of the Seventh Circuit, however, in reversing us held that, in the case of Hendrickson, the designation by Hendrickson of *528 Peoples as the true owner of the money, and the acknowledgment by Peoples to Hendrickson of such ownership, was insufficient to avoid the provisions of section 6867(a) that the possessor of the cash (Hendrickson here) must * * * not claim such cash -- (1) as his, or (2) as belonging to another person whose identity the secretary can readily ascertain and who acknowledges ownership of such cash * * * Hendrickson was covered by the statute, the Court of Appeals held; the designation of Peoples, and its acknowledgment of ownership, was insufficient because Peoples, in its acknowledgment, did not and could not claim true equitable ownership of the money, but could only claim legal ownership, as administrator on behalf of decedent Martin's estate. The latter, in turn, did not and could not claim true ownership in the equitable sense that the statute requires, but was only acting as agent on behalf of decedent Martin's various depositors. The Court of Appeals further held that the assertion of claims to the money by various of decedent Martin's depositors in the state administration proceeding was not sufficient. As the Court of Appeals put it: "The equitable owner must step *529 forward to claim the funds in the possession of the section 6867 taxpayer." In the context of this type of case, that means that the true equitable owner would have to make and acknowledge to respondent his claim of true equitable ownership under section 6867 prior to the making of an assessment thereunder, concurred in by the possessor, in order to defeat application of the statute. If not, such claimant, inter alia, could still come into the proceedings before us and prove that he was the true owner. Matut v. Commissioner, 858 F.2d 683 (11 Cir. 1988), affg. 88 T.C. 1250 (1987); Matut v. Commissioner, 86 T.C. 686 (1986). Since that did not happen in this case, respondent must basically prevail, and it remains only for us, as the Court of Appeals suggested in its remand, to determine the correct amount in Hendrickson's possession to which the tax of section 6867(b)(2) shall be applied. The Seventh Circuit explained that a remand was necessary to reach "Hendrickson's challenge to the details of the Internal Revenue Service's computation of the amount of tax due under the statute." In addition to disputing the propriety of the assessment *530 made against him, Hendrickson also argued that even if the assessment was valid, he was not in physical possession at the time of the assessment of a portion of the Martin funds ascribed to him by respondent. He also argues that the bags of U.S. silver coins he possessed at Martin's death are not cash or cash equivalents as defined by section 6867(d)(2). Finally, he argues that if the coins are cash or cash equivalents, they should be valued at face value rather than fair market value for section 6867 purposes. At the time of Martin's death in October, 1983, Peoples held 25 bags of silver which Martin had used to collateralize a personal loan from Peoples, and Hendrickson held 435.48 bags of silver coins, 29.87 bags of clad coins, 54 Krugerrands and a $ 68,500.50 check on behalf of Martin. In November 1983, Peoples, as administrator of Martin's estate, took possession from Hendrickson of .48 bags of silver, 54 Krugerrands and a $ 68,500.50 check. Since Peoples did not have adequate storage facilities to physically hold the remainder of the Martin assets, a storage contract was entered into with Hendrickson for the remainder of the property he held for Martin. This storage contract *531 indicated that Hendrickson held 460.48 bags of silver coins and 29.87 bags of clad coins for Martin's account. However the agreement was later amended to specify that Hendrickson held 435 bags of silver rather than the 460.48 bags specified in the storage contract. The written storage contract apparently did not take into account the silver Peoples was holding as collateral and the additional assets it took physical possession of after Martin's death. In his notice of jeopardy assessment and right of appeal, respondent determined that Hendrickson was in physical possession of 465.48 bags of silver, 54 Krugerrands, and $ 68,500.50 in cash for Martin's account. Thus respondent's assessment was erroneous to the extent it charged Hendrickson with possession of 25.48 bags of silver, 54 Krugerrands, and $ 68,500.50 which were actually in the possession of Peoples in April, 1984 when the assessment against Hendrickson was made. Hendrickson next argues that the U.S. silver coins he possessed did not constitute cash equivalents and should be valued at face value rather than their fair market value. Hendrickson's position is without merit. Section 301.6867-1T(b)(2) and (b)(3), Temp. Proced. *532 and Admin. Regs., 51 Fed. Reg. 9949 (March 24, 1986) specifically includes "coins" within the section 6867 definition of cash equivalents and requires that they be valued at fair market value for section 6867 purposes. The coins obviously have intrinsic value separate from their value as a medium of exchange and are thus more accurately described as "property" or cash equivalents rather than as "cash" or money as Hendrickson urges. [2] See California Federal Life Insurance Co. v. Commissioner, 76 T.C. 107, 111-112 (1981), affd. 680 F.2d 85 (9th Cir. 1982). To reflect the foregoing, Decision will be entered for the petitioner in docket No. 30402-84. Decision will be entered under Rule 155 in docket No. 30420-84. Footnotes
1. All statutory references are to the Internal Revenue Code, as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Petitioner Hendrickson presented no evidence to dispute respondent's determinations of fair market value.↩