T.C. Memo. 1996-111


UNITED STATES TAX COURT


ADEL ABDALLA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21678-94.              Filed March 11, 1996.


<u>Linda S. Bednarz</u> and <u>Kenneth J. Rubin</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on

respondent's motion for entry of default judgment pursuant to

Rule 123(a).[1]  By separate notices of deficiency, respondent

determined additions to petitioner's Federal income tax for fraud

under section 6653(b), as follows:[2]

---

[1]  All Rule references are to this Court's Rules of Practice and
Procedure, and all section references are to the Internal Revenue
Code in effect for the years in issue.

[2]  Prior to the issuance of the notices of deficiency, but
                                        (continued...)

| | | Additions to Tax[3] | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6653(b)(1)(A) | 6653(b)(1)(B) | 6653(b)(1) |
| 1987 | -0- | $48,272.78 | $6,565.11 | --- |
| 1988 | -0- | --- | --- | $39,920.66 |

Background

Petitioner invoked the jurisdiction of this Court on November 23, 1994, by timely filing a petition for redetermination.  Petitioner resided in Schnecksville, Pennsylvania, at the time the petition was filed.  Respondent's answer, filed on March 6, 1995, after an extension to file the answer was granted, asserted affirmative allegations of fact in support of the foregoing additions to tax for fraud. Respondent's answer reads, in pertinent part, as follows:

> 7.  FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayments of tax required to be shown on the petitioner's income tax returns for the taxable years 1987 and 1988 are due to fraud, the respondent alleges:

---

[2](...continued)
subsequent to being contacted by the Internal Revenue Service regarding the examination of his originally filed 1987 and 1988 returns, petitioner filed amended returns wherein he admitted understating his tax liabilities for 1987 and 1988 in the amounts of $64,363.71 and $53,227.64, respectively.  The filing of amended returns, however, does not vitiate any fraud perpetrated when the returns were due.  See Badaracco v. Commissioner, 464 U.S. 386, 394 (1984).

[3]  The additions to tax for fraud determined by respondent in the notices of deficiency were based on the understated tax liabilities reported by petitioner on his amended 1987 and 1988 returns.

(a) During each of the taxable years 1987 and 1988, the petitioner owned and operated Papa's Restaurant in Schnecksville, Pennsylvania, a sole proprietorship.

(b) During the taxable years 1987 and 1988, petitioner's restaurant earned gross receipts of $900,510.38 and $977,136.00, respectively.  On his original income tax returns for 1987 and 1988, petitioner reported gross receipts of $363,732.00 and $407,503.10, respectively.

(c) During the taxable years 1987 and 1988, petitioner's cost of goods sold were $466,628.78 and $514,119.57, respectively.  On his original income tax returns for 1987 and 1988, petitioner reported cost of goods sold of $114,094.14 and $131,412.90, respectively.

(d) The petitioner understated his taxable income on his income tax returns for the taxable years 1987 and 1988, in the amounts of $192,429.16 and $193,253.20, respectively.

(e) The petitioner understated his income tax liabilities on his income tax returns for the taxable years 1987 and 1988 in the amounts of $68,912.50 and $62,153.90, respectively.

(f) Petitioner Adel Abdalla fraudulently and with intent to evade taxes for the taxable years 1987 and 1988, filed false income tax returns for said years that omitted the skimmed cash receipts and understated cost of goods sold.

(g) Respondent's determination of the omission of income and cost of goods sold is corroborated by the fact that petitioner filed two documents captioned "Amended United States Individual Income Tax Returns" for the years 1987 and 1988 with the Internal Revenue Service Center in Philadelphia, Pennsylvania including all the omitted income for these years.  These amended returns were received at the Internal Revenue Service Center on December 4, 1989.  Said documents were not sent to the Internal Revenue Service Center until the Examination Division had contacted the petitioner regarding his 1987 and 1988 federal income tax returns.

(h) Respondent's determination of the understatement of cost of goods sold has also been corroborated by documenting cost of goods sold through contact with petitioner's suppliers.

(i) In an effort to avoid detection of the skimmed cash receipts, petitioner purchased a large amount of his supplies with cash and only reported a portion of his cost of goods sold during 1987 and 1988.

(j) Petitioner fraudulently and with intent to evade taxes, falsely informed his return preparer in 1987 and 1988 that all gross receipts and cost of goods sold were reported on the original income tax returns, and that he had no additional income or expenses for those years.

(k) Petitioner Adel Abdalla's fraudulent understatements of his gross receipts and cost of goods sold on his income tax returns for 1987 and 1988 is part of a two year pattern of intent to evade taxes.

(l) The petitioner fraudulently, and with intent to evade taxes, omitted from his income tax returns for the taxable years 1987 and 1988, substantial amounts of gross receipts from his schedule C restaurant business, in the amounts of $536,778.18 and $569,632.90, respectively.

(m) The petitioner fraudulently, and with intent to evade taxes, omitted from his income tax returns for 1987 and 1988, substantial amounts of cost of goods sold from his schedule C restaurant business, in the amounts of $352,534.64 and $382,706.67, respectively.

(n) A part of each deficiency in income tax for the taxable years 1987 and 1988, is due to fraud with intent to evade taxes.

Petitioner filed a reply on May 17, 1995, wherein he denied generally portions of respondent's answer relating to petitioner's alleged fraudulent conduct. By notice dated July 7, 1995, the Court set this case for trial at the Philadelphia, Pennsylvania, trial session beginning on December 11, 1995. This notice specifically stated that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

On September 25, 1995, petitioner's counsel filed a motion to withdraw their representation of petitioner. That motion recites that petitioner removed himself from the United States subsequent to filing the petition in this case following a criminal indictment against him in the U.S. District Court for the Eastern District of Pennsylvania, and that thereafter petitioner had not cooperated with his counsel in preparing this case for trial. The motion also provided a mailing address in Egypt where petitioner's counsel believed Mr. Abdalla could be reached. The Court, by Order dated September 29, 1995, granted the motion of counsel to withdraw, and stated the following:

> ORDERED that if petitioner fails to appear, in person or by counsel, at the trial session and if petitioner continues to be a fugitive from justice and fails to prepare his case for trial, the Court will consider dismissing this case for failure properly to prosecute and will enter decision for respondent.

The Court served a copy of the September 29, 1995, Order and a copy of the Court's standing pretrial order on petitioner at both the Schnecksville, Pennsylvania, address provided by him in his petition and the address in Egypt provided by petitioner's counsel in their motion to withdraw representation.[4]

---

[4] There is no indication in the Court's records that petitioner did not receive the pretrial order, the Sept. 29, 1995, Order, or the notice setting this case for trial which was previously served on petitioner at his Schnecksville, Pennsylvania, address. Rule 21(b)(4) requires parties to notify the Court of any change of mailing address.

This case was called at the Court's trial calendar in Philadelphia, Pennsylvania, on December 11, 1995. Petitioner did not appear. At that time, respondent filed her motion for default judgment pursuant to the provisions of Rule 123(a).

Discussion

Rule 123(a) provides that if any party fails to plead or otherwise proceed as provided by the Rules or as required by the Court, such party may be held in default on the motion of the other party. Smith v. Commissioner, 91 T.C. 1049, 1056 (1988), affd. 926 F.2d 1470 (6th Cir. 1991). The action or nonaction on the part of a taxpayer that constitutes sufficient grounds to apply Rule 123(a) in proceedings before us is a matter within this Court's discretion. Id. In light of the affirmative allegations in respondent's answer, petitioner's failure to appear and to proceed with prosecution of his case, despite the Court's warning in its notice setting this case for trial, its pretrial order, and its September 29, 1995, order granting the motion of petitioner's counsel to withdraw, constitutes sufficient grounds for the entry of a default judgment against him.

The entry of default under Rule 123(a) has the effect of admitting all well-pleaded facts in the Commissioner's answer. Id. at 1056-1058; Bosurgi v. Commissioner, 87 T.C. 1403, 1409 (1986). This is true even when a reply has been filed by a taxpayer which addresses the facts pleaded by the Commissioner in

her answer. Smith v. Commissioner, 926 F.2d at 1478; Rechtzigel v. Commissioner, 79 T.C. 132, 142 n.11 (1982) ("the necessary effect of defaulting petitioner is to deem admitted the affirmative allegations in the answer irrespective of petitioner's denial [in the reply]. The sanction thus converts the denial into an admission."), affd. 703 F.2d 1063 (8th Cir. 1983). Entry of a default decision as to the additions to tax for fraud (on which the Commissioner has the burden of proof) is appropriate upon a determination, which is within this Court's discretion, that the pleadings set forth sufficient facts to support such a decision. Smith v. Commissioner, 91 T.C. at 1058-1059.

Based upon the pleadings in this case, there is ample support for finding that petitioner fraudulently underpaid his taxes for the years in issue. The facts contained in the answer are sufficient to establish the existence of fraudulent conduct by petitioner. Prominent among the matters contained in the pleadings are petitioner's admissions that: (1) The omission of specific items of income for the years in issue is part of a 2-year pattern of intent to evade taxes; (2) petitioner understated taxable income for those years; and (3) a part of each understatement for the years in issue is due to fraud with intent to evade taxes.

The above-pleaded facts clearly establish that petitioner fraudulently underpaid his income taxes for the years in issue.

Thus, we are satisfied that the additions to tax for fraud for the years in issue should be sustained by the entry of a default against petitioner pursuant to Rule 123(a).[5]

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered for respondent</u>.

---

[5] We are mindful of the decision of the U.S. Court of Appeals for the Third Circuit, to which an appeal of this case would lie, in <u>Estate of Spear v. Commissioner</u>, 41 F.3d 103 (3d Cir. 1994), revg. T.C. Memo. 1993-213. However, the situation in <u>Estate of Spear</u> and that of this case are wholly dissimilar. Petitioner has simply failed to participate in the preparation for, or trial of, his case before us.