T.C. Memo. 1997-291

UNITED STATES TAX COURT


JOHN L. COLLINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8501-96.                         Filed June 26, 1997.


John L. Collins, pro se.

<u>William R. McCants</u>, for respondent.


MEMORANDUM OPINION


BEGHE, <u>Judge</u>:  This case is before the Court on respondent's motion under Rule 123[1] for entry of decision in favor of respondent by reason of petitioner's default and failure properly to prosecute.  Respondent determined that petitioner is liable

----

    [1] Rule references are to the Tax Court Rules of Practice and Procedure.  Section references are to the Internal Revenue Code, as amended.

for the taxable year 1994 for a deficiency in income tax in the amount of $24,002, a fraudulent failure to file penalty under section 6651(f) in the amount of $18,002, and an estimated tax penalty under section 6654 in the amount of $1,237.

Background

On May 3, 1996, petitioner timely filed his petition and was a resident of Tampa, Florida.  On July 8, 1996, respondent filed an answer denying all material allegations in the petition and alleging facts in paragraph 7 of the answer in support of the determination that petitioner had an underpayment of tax for the taxable year 1994 that was due to fraud.  A copy of the answer was served on petitioner.

Petitioner did not file a reply.  On September 20, 1996, respondent filed a motion under Rule 37(c), asking the Court to deem admitted the affirmative allegations of fact set forth in paragraph 7 of respondent's answer.  The Court thereupon served petitioner with a notice of filing stating that, if "petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before October 10, 1996, respondent's motion will be denied", and if petitioner does not reply, "the Court will grant respondent's motion".  Petitioner did not respond to respondent's motion or the Court's notice of filing.  On October 23, 1996, the Court granted respondent's Rule 37(c) motion, and the pleadings in this case were closed.

Paragraph 7 of respondent's answer contains the following allegations, which have been deemed admitted by reason of our granting of respondent's Rule 37(c) motion.

7.    FURTHER ANSWERING the petition, and in support of the determination that the deficiency in income tax for the taxable year 1994 is due to fraud with the intent on the part of petitioner to evade tax, and that the petitioner's failure to file a federal income tax return for the taxable year 1994 is due to fraud, the respondent alleges:

a).  John L. Collins, a/k/a John L. Collins, Jr., hereinafter "petitioner," has been consistently involved in illegal, income-producing activities, to and through the taxable year 1994 involved in this case.

b).  Following his 1981 arrest for burglary and grand larceny, petitioner was convicted and sentenced to five years' imprisonment.

c).  Following his 1985 arrest for battery and battery on a law enforcement officer, petitioner was convicted and sentenced to another five years' imprisonment.

d).  Pursuant to the 1985 arrest and prosecution, petitioner filed an affidavit of insolvency dated May 22, 1985.

e).  Following his 1989 arrest for possession of illegal drugs, grand theft, and resisting arrest, petitioner was placed on five years' community control.

f).  Following his 1990 arrest for strong-arm robbery, violation of probation, possession of cocaine and resisting arrest, petitioner was sentenced to four years', six month's [sic] imprisonment, to be followed by five years' community service.

g).  Petitioner was incarcerated between September, 1990 and August 20, 1992.

h).  In September, 1995, petitioner was arrested for money laundering and heroin trafficking offenses, and awaits trial on these offenses.

i).  For the taxable years 1990 through 1995, the taxpayer has voluntarily filed federal income tax returns, reported income and paid tax as follows:

| Year | Return Filed? | Gross Income Reported | Reported Source | Tax Paid |
|------|---------------|-----------------------|-----------------|----------|
| 1990 | Yes | $1,672 | Wages | None |
| 1991 | No | None | None | None |
| 1992 | No | None | None | None* |
| 1993 | Yes | $39,920 | (5th Amendment) | $11,211 |
| 1994 | No | None | None | None |
| 1995 | No | None | None | $1,000** |

  * $33 was withheld from $548 received from Easy Staff, Inc. and T.E.L.S.I.

  ** Estimated payment

j).  On his federal income tax return delinquently filed for the year 1993, petitioner admitted that he had no books and records of his income and expenses, and no business or personal bank accounts, except for a savings account opened in 1991.

k).  For the taxable year 1994, petitioner filed an application for an automatic extension of time to file his 1994 income tax return, representing that his 1994 federal income tax liability was approximately $1,000.

l).  For the taxable year 1994, petitioner filed an additional application for an extension of time to October 31, 1994 [sic], in which to file his 1994 income tax return.

m).  Petitioner has never filed a federal income tax return for the taxable year 1994.

n).  Petitioner did not pay the $1,000 liability estimated with his application for an automatic extension of time to file his 1994 income tax return.

o). During the taxable year 1994, petitioner was engaged in illegal, drug-related, income-producing activities.

p). During 1994, petitioner derived substantial unreported income from the aforementioned business activities.

q). For the taxable year 1994, petitioner failed to maintain complete books and records of his income-producing activities as required by the applicable provisions of the Internal Revenue Code and the regulations thereunder.

r). The records that were maintained by or on behalf of petitioner for the taxable year 1994 were deceptive, incomplete, and failed to disclose all of petitioner's receipts, and were not properly reflective of the complete, correct income of petitioner.

s). Petitioner also engaged in numerous activities using large quantities of currency during 1994 and other years, and used friends and relatives to hold title to his assets and to register telephones, beepers and utilities, all to evade recordkeeping requirements, and to avoid a "paper trail" of his receipt of income, and accumulation of assets, and thereby his true federal income tax liability.

t). Due to the failure of petitioner to maintain adequate books and records of his income-producing activities, the secretive nature of his illegal business activities involving drugs, his use of large amounts of currency and nominees to avoid the respondent's detection of his income, expenses, and accumulation of assets, and his failure to report his true taxable income, the respondent has been required to determine, and has determined, the petitioner's correct taxable income for the taxable year 1994 under the cash expenditures method of reconstructing income.

u). In making her determination of the petitioner's correct taxable income for the taxable year 1994, the respondent has utilized all records, memoranda and other sources of information that were available.

v). During the taxable year 1994, the petitioner did not receive any non-taxable gifts.

w). During the taxable year 1994, the petitioner did not receive any non-taxable inheritances.

x). During the taxable year 1994, the petitioner did not receive any non-taxable loans to make the expenditures reflected in respondent's reconstruction of petitioner's source of funds.

y). During the taxable year 1994, the petitioner did not rely on a cash hoard, refund, or any other non-taxable source for the making of the expenditures reflected in respondent's reconstruction of his income.

z). During the taxable year 1994, the petitioner made expenditures in the amount of at least $72,731, as follows:

| | |
|---|---:|
| Down payment on residence at 4117 Muriel Place | $ 12,862 |
| Commission paid to real estate agent on purchase | 500 |
| Escrow deposit on above purchase | 2,000 |
| 1993 tax amounts paid in 1994 | 5,800 |
| Furnishings from Roberd's | 12,565 |
| Gold jewelry (810 pennyweight @ $16 each) | 12,960 |
| Tax return preparation fees | 1,800 |
| Payments on 1993 Toyota 4-Runner | 6,245 |
| Personal living expenses per BLS for 1 person | 17,999 |
| Total | $ 72,731 |

aa). Against his unreported income of $72,731, petitioner was entitled to a personal exemption of $2,450 a self-employment tax deduction of $4,731, and a standard deduction of $3,800.

ab). Accordingly, for the taxable year 1994, petitioner failed to report his receipt of taxable income in the amount of at least $61,750, all with fraudulent intent to underpay his income taxes for 1994.

ac). For the taxable year 1994, the petitioner's taxable income, his taxable income as reported on his return, and his understatement of taxable income, were as follows:

1994

Taxable Income as Corrected                     $ 61,750
Taxable Income as Reported (no return filed)      (none)
Understatement of Taxable Income                $ 61,750

ad).  For the taxable year 1994, the petitioner's correct income tax liability, the income tax liability he reported on his return for said year, and his understatement of income tax liability for said year, were as follows:

1994

Correct Income Tax Liability                    $ 24,002.00
Income Tax Liability Reported (no return filed)     (none)
Understatement of Income Tax Liability          $ 24,002.00

ae).  Petitioner fraudulently, and with intent to evade tax, filed an application requesting an automatic extension that understated his estimated 1994 federal income tax liability by over $23,000.00.

af).  Petitioner fraudulently, and with intent to evade tax, failed to report his gross receipts, failed to report his taxable income, and failed to report his income tax liabilities on a federal income tax return for the taxable year 1994.

ag).  Petitioner fraudulently, and with intent to evade tax, used false entities and names to disguise his receipt of income.

ah).  Petitioner fraudulently, and with intent to evade tax, relied extensively on cash transactions to avoid a "paper trail" of his receipt of income.

ai).  Petitioner fraudulently, and with intent to evade tax, failed to maintain books and records of his income-producing activities.

aj).  Petitioner fraudulently, and with intent to evade tax, attempted to conceal his 1994 expenditures after he became aware of the audit of his 1994 year.

ak).  Petitioner also, with intent to evade tax, delayed and neglected to fully and timely satisfy his admitted federal income tax liability for the 1993

year, by delinquently filing his 1993 return in late May, 1994, and then delaying the payment of his 1993 admitted tax liability throughout 1994, while making large expenditures for real estate and other assets.

al). Despite the petitioner's arrest in 1995 and respondent's I.R.C. § 6861 jeopardy assessment and immediate collection action against him, petitioner has still failed to file any 1994 federal income tax return reflecting his illegal income.

am). Petitioner fraudulently failed to file a federal income tax return for the taxable year 1994.

an). All of the underpayment of tax required to be shown on petitioner's federal income tax return for the taxable year 1994 is due to fraud.

On November 21, 1996, the Court served its notice setting this case for trial at the Court's April 28, 1997, Tampa, Florida, trial session. The notice setting the case for trial, in pertinent part, states: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. * * * YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

On December 9, 1996, the Court filed respondent's motion for judgment on the pleadings, in which respondent moved, "pursuant to the provisions of Tax Court Rule 120", for "an adjudication of this case in respondent's favor, based upon the respondent's pleadings as deemed admitted." On December 12, 1996, the Court ordered petitioner to file, on or before January 10, 1997, a response to respondent's motion. The Court has never received a response from petitioner to respondent's motion.

On February 26, 1997, the Court issued an order converting respondent's motion to a motion for partial summary judgment, ordered respondent, on or before March 21, 1997, to file a supplement in support of respondent's motion, and ordered the motion set down for a hearing on the opening day of the Court's April 28, 1997, Tampa trial session. Pursuant to a timely extension request, which the Court granted, respondent, on March 28, 1997, filed a memorandum in response to the Court's order of February 26, 1997, a copy of which memorandum was served on petitioner. Respondent's memorandum specifically addressed the concerns that had led the Court to convert respondent's motion for judgment on the pleadings to a motion for partial summary judgment, and concluded that, by reason of petitioner's deemed admissions, there were no remaining genuine issues of any material facts, and that summary judgment should be granted in favor of respondent on all issues in this case.

On April 9, 1997, respondent served petitioner a copy of respondent's trial memorandum, which stated in part:

> Respondent's service of this trial memorandum will constitute further notice to petitioner that respondent may also move for entry of decision against petitioner as to the tax and penalties at the April 28, 1997, trial session based on the presumptive correctness of the notice of deficiency, on respondent's motion for summary judgment and on the continued failure to participate or cooperate in preparing the case for trial or to participate in any manner in the trial of this case. * * *

> * * * * * * *

4.  A party may be defaulted for failure to comply with the Rules of the Court or a failure to properly prosecute his case.  T.C. Rule 123(a).  Additionally, respondent may be entitled to a decision under Rule 123(a) that includes additions to the tax for fraud when the taxpayer fails to appear at trial, or to cooperate in preparation of the case for trial, and respondent's pleadings allege specific facts sufficient to sustain a finding of fraud.  Smith v. Commissioner, 91 T.C. 1049, 1052 (1988), aff'd, 926 F.2d 1470 (6th Cir. 1991).

Petitioner did not appear at the hearing on April 28, 1997. At the call of the case from the calendar, respondent's counsel made an oral motion for entry of decision in favor of respondent because of petitioner's failure properly to prosecute.  Pursuant to the Court's request at the calendar call, on May 5, 1997, respondent filed a written motion for entry of decision in favor of respondent, asserting that none of respondent's correspondence, motions, or other pleadings mailed to petitioner has been returned to respondent, that petitioner, despite his petition invoking the jurisdiction of this Court, had made no attempt to cooperate with respondent, to seek documents from respondent, to assist in the preparation of this case for trial, to respond to any of respondent's motions, to respond to any of the Court's orders, to file a trial memorandum, or to move to continue the case, and that petitioner failed to appear and prosecute his case at the April 28, 1997, trial calendar for the hearing on respondent's motion, despite respondent's attempted contacts with and warnings to him, in violation of the Court's

Rules and the Court's express admonishments as contained in its November 21, 1996, notice setting this case for trial.

All material allegations in the petition have been denied in respondent's answer. No issues have been raised as to petitioner upon which the burden of proof is on respondent except the fraud issue, and respondent has not conceded any error assigned in the petition.

Discussion

The failure of a party to appear at trial or other hearing may result in an entry of decision against such party. Rule 123 provides, in part:

> (a) Default: If any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. * * *

> (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. * * * [Fn. ref. omitted.]

Petitioner made no attempt to contact the Court upon his failure to appear. Accordingly, we sustain respondent's determinations as to the deficiency and the estimated tax penalty pursuant to section 6654 on the ground that petitioner has

defaulted.  See, e.g., <u>Smith v. Commissioner</u>, 91 T.C. 1049, 1052 (1988), affd. 926 F.2d 1470 (6th Cir. 1991).

Respondent also determined that petitioner is liable for an addition to tax for fraud for the year in issue.  When a taxpayer fails to appear and prosecute his case, entry of a default decision "is appropriate upon a determination in our `sound judicial discretion' that the pleadings set forth sufficient facts" to support a finding that the taxpayer fraudulently underpaid his taxes.  <u>Smith v. Commissioner</u>, <u>supra</u> at 1058-1059; see also <u>Bosurgi v. Commissioner</u>, 87 T.C. 1403, 1408 (1986); <u>Berkshire v. Commissioner</u>, T.C. Memo. 1997-258.

Petitioner is deemed to have admitted facts sufficient to establish his underpayment of Federal income tax for 1994.  See respondent's answer, subparagraphs 7 o) through 7 ac), <u>supra</u> pp. 4-6, establishing that petitioner had unreported taxable income of $61,750, and subparagraph 7 ad), <u>supra</u> p. 7, establishing that, as a result of the foregoing, petitioner had a deficiency in Federal income tax of $24,002 for the taxable year 1994. Moreover, petitioner is deemed to have admitted that his failure to file a Federal income tax return, reporting his taxable income for 1994, was with the fraudulent intent to evade payment of his Federal income tax for 1994.  See the well-pleaded facts concerning petitioner's efforts to conceal and evade his tax liability alleged in respondent's answer, subparagraphs 7 a) through t), and 7 ab) through an), <u>supra</u> pp. 3-5, 6-7,

respectively.  Finally, petitioner repeatedly failed to comply with the Court's pretrial order or to respond to any of the Court's other orders and failed to appear for the scheduled hearing on respondent's prior motion--additional indications of deliberate efforts by petitioner to conceal the facts concerning his tax liability.  See <u>Thornton v. Commissioner</u>, T.C. Memo. 1995-219.

The foregoing circumstances and above-pleaded admitted facts clearly establish that petitioner fraudulently underpaid his 1994 Federal income tax.  We are therefore satisfied that the fraudulent failure to file penalty under section 6651(f) for 1994 should be sustained by entry of an order granting respondent's motion for entry of decision against petitioner pursuant to Rule 123.  That order will render moot respondent's prior motion.

To reflect the foregoing,

<u>An order and decision will</u>

<u>be entered for respondent</u>.